IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

HORACE TRACY MELTON, and )
SUZANNE BASKETTE, individually )
and on behalf of all similarly situated )
individuals, )
    Plaintiffs, )
)
vs. ) No.: 1:18-CV-00167
)
CECIL LAWRENCE; ) JURY TRIAL DEMANDED
DALE LAWRENCE; )
CECIL LAWRENCE, INC.; and )
LAWRENCE GROUP )
MANAGEMENT CO., LLC, )

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

    Plaintiffs, Horace Tracy Melton and Suzanne Baskette, individually and on behalf of all similarly situated individuals, through counsel, hereby move this Court to deny Defendants' motion for protective order.

    Plaintiffs move this court to deny Defendants' motion for protective order on three separate grounds. First, the documents requested by the plaintiff are relevant to prove the plaintiffs' claim of willfulness. Second, the information sought is relevant to the plaintiffs' claim that Tracy Melton was mischaracterized by the defendants. Third, under the balancing test of all six elements of Fed.R.Civ.P. 26(b), the factors weigh in favor of the plaintiff.

    Plaintiffs also move the court to deny the defendants' protective order on the communication between defendants regarding compensation time, or overtime compensation. Defendant's motion did not raise any issues with this communication.

1

I.     Governing Law

The scope of discovery is within the discretion of the trial court. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). However, that scope has traditionally been quite broad. *Stansberry v. Belk, Inc.,* 2015 U.S. Dist. LEXIS 15194, at *5 (E.D. Tenn. Feb. 9, 2015).

The Federal Rules of Civil Procedure establish that discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense". Fed.R.Civ.P. 26(b). The scope of information sought needs to be proportional to the needs of the case. *Id.* However, the information sought need not be admissible into evidence at trial to be discoverable. *Id.* To define relevancy in the discovery process this court has used the definition given by the Federal Rules of Evidence. The Rules of Evidence define relevancy as information that has "any tendency to make a fact more or less probable than it would be without the evidence." *United States ex rel. Hinkle v. Caris Healthcare, L.P.,* 2017 U.S. Dist. LEXIS 130516, *4 (E.D. Tenn. August 16, 2017*) citing Fed.R.Evid.401(a).

II.    **THE INFORMATION SOUGHT IS RELEVANT TO PROVE THE PLAINTIFFS' CLAIM OF WILLFULNESS**

The Plaintiffs' claims are based, in part, on willfulness. To prove this, the plaintiffs seek to produce information regarding the overall payment structure and payment plans of the defendants. Plaintiffs request this information because willfulness can be proved by looking at the totality of the defendants' actions. *Matrixx Initiatives, Inc. v. Siracusano,* 131 S. Ct. 1309, 1325 (2011) (Holding that where allegations, "taken collectively" could allow a reasonable person to infer that the defendant acted with deliberate recklessness or even intent, the plaintiffs can show adequate scienter.) *See also Burges v. Bancorpsouth, Inc.,* U.S. Dist. LEXIS 169463, at

2

*11 (M.D. Tenn. Oct. 12, 2017)* (extending the scope of discovery beyond the class action's certified dates so that the plaintiffs could seek information regarding scienter, or willfulness.)

Because the plaintiffs' allegations are based, in part, on willfulness, it is necessary that the plaintiffs have information regarding the defendants pay structure to other employees. If this information shows that the defendants routinely mischaracterized employees as salaried, or routinely paid employees comp time in an illegal manner that information goes directly to the plaintiffs' claim of willfulness. The breadth of Defendants' mischaracterizations can be indicative of a deliberate and willful skirting of the law.

### III. THE INFORMATION SOUGHT IS RELEVANT TO PROVE HOW PLAINTIFF MELTON WAS MISCHARACTERIZED BY THE DEFENDANTS

Plaintiff Tracy Melton's classification under the FLSA is a point of contention in this case. Plaintiff asserts that Mr. Melton was paid by the hour and was paid for his overtime hours using the illegal comp time method. Defendants dispute that Plaintiff Melton was an hourly employee and assert that he was a salaried employee. If Mr. Melton was paid on a salary basis, then he may be exempt from overtime pay.

Plaintiffs suspect that Mr. Melton's paystubs and timesheets will not conclusively establish whether he was paid by the hour or on a salary basis. Plaintiffs also suspect that the witness testimony for both sides will be at direct odds with each other. As such, Plaintiffs are requesting information regarding the pay structure of other employees and the documentation used to document the pay and time worked by other employees. If all the methods used to document the pay and time worked for hourly employees is identical to how such items are documented for Mr. Melton, then such documents would be beneficial and relevant to his claim.

3

### IV. THE DISCOVERY REQUESTED IS ALLOWED UNDER THE SIX FACTORS OUTLINED IN FED. R. CIV. PRO. 26(b)

Under the updated Rules of Civil Procedure, Courts are to consider the following factors when determining if the discovery sought is proportional to the action;

1) The importance of the issues at stake in the action,

2) The amount in controversy,

3) The parties' relative access to relevant information,

4) The parties' resources,

5) The importance of the discovery in resolving the issues, and

6) Whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Burges v. Bancourpsouth*, citing Fed. R. Civ. P. 26(b).

**1. The Importance of the issues at Stake in the Action**

The plaintiffs are seeking to be fairly compensated for their labor. Plaintiffs believe that the failure of the defendants to pay them what they are owed is potentially willful. Fair pay for fair work is fundamental to our national economy. Defendants have not contested the importance of the issues at stake in action.

**2. The Amount in Controversy**

Without the information sought by the plaintiffs it is impossible to adequately determine the amount in controversy. Defendants have not contested that the amount in controversy of this suit is insufficient to allow discovery of the payroll information.

4

### 3. The Parties' relative access to relevant information

Defendants should have the information in their own possession that was requested from Paychex. However, Plaintiffs assert that there is obvious value in Plaintiff acquiring such information independently from third parties.

### 4. The Parties' Resources

The defendants have provided no information about how this information would be unduly burdensome based on theirs, or Paychex's resources. Defendants have simply requested a blanket exclusion.

### 5. The Importance of the discovery to resolving the issues

As outlined above the plaintiffs are pursuing claims based partly on willfulness. In order to resolve the issues, discovery of this information is highly probative. Showing routine mischaracterizations indicates willfulness, that goes directly to the plaintiffs claims. Additionally, Plaintiff's contention that Plaintiff Melton was mischaracterized as salaried under the FLSA, resolving this issue requires knowledge of how other employees were characterized and paid. Without that knowledge, the issues between Plaintiff Melton and the defendant come down to matters of "he said, she said" between the parties.

### 6. The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

The proposed benefits of the discovery have been shown by the plaintiffs in this motion. However, the defendants provide no evidence or factual contentions as to its potential expense. Defendant is simply suggesting that since the information is broad, it will be expensive. Without information from either the named defendants, or Paychex, regarding the potential cost to produce the documents sought, the court should not consider this factor in the balancing test.

5

## V. THE COMMUNICATION BETWEEN DEFENDANTS THEMSELVES AND WITH PAYCHEX REGARDING PAYROLL DECISIONS.

Plaintiffs' discovery request was served on third party, Paychex, Inc. Paychex is a third party that handled the payroll software and payroll distribution for the defendants. Plaintiffs' requested any communications between any of the defendants and Paychex regarding compensation, hours, or overtime. Defendants did not specifically object to this discovery request. However, Plaintiff's move this court to deny their motion with regards to the communications between Paychex and defendants.

This information is discoverable because communications between the defendant and the third-party Paychex can go directly to claims of willfulness, as well as how employees are paid overtime. These issues are essential to plaintiffs' suit.

In *Universal Coin & Bullion, Ltd. V. Fed. Express Corp.*, the court considered a situation in which plaintiffs requested the contracts between FedEx and their third party contractors. 2014 U.S. Dist. LEXIS 189706 (W.D. Tenn, May 13, 2014). The Plaintiffs in that case claimed vicarious liability to FedEx for the actions of their contractors. This claim made the contracts between FedEx and their contractors highly relevant.

In the case at bar, plaintiffs are similarly requesting communication between the defendants and their third-party contractors. While Plaintiffs' today are not claiming vicarious liability, we are claiming willfulness and mischaracterization. These claims make the communication between the defendant and their payroll administrator's highly relevant.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: /s/ Joshua R. Ward; BPR No. 31329
Joshua R. Ward
Attorney for Plaintiff
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
(P): 423.697.4529
(F): 423.634.8886
josh@masseyattorneys.com

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile, or hand delivery. Parties may access this filing through the Court's electronic filing system.

Donna J. Mikel, BPR # 020777
BURNETTE, DOBSON & PINCHAK
711 Cherry Street
Chattanooga, TN 37402
dmikel@bdplawfirm.com
Attorney for Defendants

This the 24th day of August 2018.

MASSEY & ASSOCIATES, PC

s/ Joshua R. Ward
Joshua R. Ward

7

Case 1:18-cv-00167-SKL   Document 19   Filed 08/24/18   Page 7 of 7   PageID #: 124